# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 15-1259V
**Filed: February 4, 2016**
**(Not to be published)**

```
* * * * * * * * * * * * * * * * * * * * * * * *
JAMES D ELLIS,                        *
                                      *
                   Petitioner,        *        Dismissal under Section 16(a)(2) and
v.                                    *        Section 300aa-11(c)(1)(D)(i).
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                   Respondent.        *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC for respondent.

## DECISION DISMISSING PETITION[1]

**Gowen**, Special Master:

On October 27, 2015, James D. Ellis ("petitioner") filed a petition pro se for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] [the "Vaccine Act" or "Program"]. The petition alleged that as a result of receiving a trivalent influenza ("flu") vaccine or a pneumococcal vaccine on October 24, 2012 he suffered meningitis and left arm cellulitis. Petition at ¶ 5, docket no. 1, filed Oct. 27, 2015. Petitioner further alleged that the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

onset of his meningitis was on the morning of October 25, 2012, when he "awakened with chills, a severe headache and body aches." Id. at ¶ 4. According to the petition, these symptoms persisted over the following days, and on October 26, 2012, he was admitted to Longmont United Hospital, where he was ultimately diagnosed with aseptic meningitis and left arm cellulitis at the site of vaccination. Id. at ¶ 4, 5. Petitioner alleged that the onset of symptoms related to left arm cellulitis occurred during his hospitalization, on October 29, 2012. See Response to Motion to Dismiss ("Response") at ¶ 5, docket no. 11, filed Feb. 1, 2016. Petitioner was treated at the hospital for both of these conditions and was asymptomatic at discharge on November 1, 2012. Petitioner's Exhibit ("Pet. Ex.") 3 at 2.

Respondent filed a motion to dismiss on January 15, 2016 pursuant to the Vaccine Act's statute of limitations. Petitioner filed a response on February 1, 2016. This matter is now ripe for a decision.

## I.      Procedural History

Petitioner filed this case pro se on October 27, 2015. Petitioner obtained counsel who entered an appearance in this matter on December 3, 2015. Pursuant to Vaccine Rule 4(b), an initial telephonic status conference was held on December 15, 2015 to discuss petitioner's claim. During the status conference, the undersigned and the parties discussed the potential statute of limitations issue in this case. Respondent was ordered to file a motion to dismiss if, after a review of the record, she believed petitioner's claim was filed out of time. See Scheduling Order, docket no. 9, filed Dec. 15, 2015.

Respondent filed a motion to dismiss on January 15, 2016, arguing that petitioner's claim was untimely filed by approximately two days as the petition alleged the onset of petitioner's injury began on October 25, 2012, and the petitioner did not file his petition until October 27, 2015. See Motion to Dismiss at 3, docket no. 10, filed Jan. 15, 2016. Respondent averred that "under 42 U.S.C. § 300aa-16(a)(2) petitioner was required to file his petition within thirty-six months of October 25, 2012," the date of onset of the alleged vaccine-injury. Id.

On February 1, 2016, petitioner filed a response to respondent's motion to dismiss, stating that:

> Although [he] feels very strongly about what happened, and that he has sustained an adverse reaction to vaccination, [he] recognizes that he will likely be unable to overcome respondent's motion to dismiss. In these circumstances, to proceed further and to litigate the limitations issue would be unreasonable and would waste the resources of the court, the respondent and the Vaccine Program.

Response at ¶ 6.

Petitioner's counsel further asserted that a review of petitioner's medical records indicated that petitioner developed symptoms related to left arm cellulitis at the injection site on October 29, 2012. Id. at ¶ 5 (citing Pet. Ex. 2). Accordingly, "if the cellulitis was separate from the meningitis, a claim for petitioner's cellulitis could have been timely filed by the submission of the petition on October 27, 2015." Id. Nevertheless, according to counsel, a review of the complete medical records to "ascertain whether symptoms or complications of cellulitis could have persisted for

longer than six months in order to make this claim viable," made "it impossible to accept or reject this premise." Id.   Therefore, "petitioner does not object or oppose respondent's motion to dismiss." Id. ¶ 8.

## II.   Analysis

Pursuant to 42 U.S.C. § 300aa-16(a)(2), the Vaccine Act provides that "no petition may be filed for compensation . . . after the expiration of thirty-six months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury . . . ." The Act further provides that a petitioner must have "suffered the residual effects or complications of such illness, disability, injury or condition for more than 6 months after the administration of the vaccine . . . ." 42 U.S.C. § 300aa-11(c)(1)(D)(i).

Here, petitioner acknowledges that the onset of his meningitis, according to the medical records, occurred on October 25, 2012. Response at ¶ 2. This date of onset is confirmed in a VAERS report completed by petitioner's treating physician, Dr. Eva Patricia Gill; in medical records from Longmont United Hospital where petitioner was admitted and treated for this condition; and in consultation and examination notes from Dr. Gill from a follow-up appointment on November 12, 2012. See Pet. Ex. 2 at 1; Pet. Ex. 3; Pet. Ex. 4 at 1, 6.  Petitioner's claim, alleging meningitis as related to a flu vaccination he received October 24, 2012, was not filed until October 27, 2015, making his claim untimely filed by two days.

Additionally, with respect to petitioner's claim of left arm cellulitis as a result of his vaccinations (which appears to be a timely filed claim) petitioner acknowledges that this claim will not prevail, as the Act authorizes compensation for injuries lasting 6 months or more. The medical records reveal that petitioner experienced symptoms related to his left arm cellulitis on October 28, 2012. See Pet. Ex. 4 at 1 (noting redness and swelling of petitioner's left arm as occurring on 10/28/2012). On a follow-up appointment with Dr. Gill on November 12, 2012, she noted that petitioner's "cellulitis appears to be resolved," and that she did not expect any recurrence of the condition. Id. at 6. Thus, the records demonstrate that petitioner's left arm cellulitis resolved approximately two weeks after the onset.

Accordingly, this case is **DISMISSED on the grounds that the claims are barred under section 300aa-16(a)(2) and section 300aa-11(c)(1)(D)(i) of the Vaccine Act. The Clerk of the Court shall enter judgement.**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master