# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1259V
**Filed: April 4, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| JAMES D. ELLIS, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Decision on Attorneys' |
| v. | * | Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 27, 2015, James D. Ellis ("petitioner") filed a petition pro se pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving a trivalent influenza ("flu") vaccine or a pneumococcal vaccine on October 24, 2012, he suffered meningitis and left arm cellulitis. Petition at ¶ 5, filed Oct. 27, 2015. On December 3, 2015, petitioner's counsel entered an appearance in this case. On February 4, 2016, I dismissed this petition upon respondent's motion to dismiss as the claims were barred under section 300aa-16(a)(2) and section 300aa-11(c)(1)(D)(i) of the Vaccine Act. See Decision,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

docket no. 12, filed Feb. 4, 2016.

On March 31, 2016, petitioner filed an unopposed motion for attorneys' fees and costs. Petitioner requests a total amount of $5,807.11 for attorneys' fees and costs. Motion for Fees and Costs at ¶ 1, filed Mar. 31, 2016. "Respondent has no objection." Id. at ¶ 2. In accordance with General Order #9, petitioner represents that he did not incur any reimbursable costs in pursuit of this claim. Id. at ¶ 3.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). I have reviewed the time records and costs submitted by the petitioner and they appear reasonable. Based on the reasonableness of petitioner's application, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, in the amount of $5,807.11.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

> **s/ Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.